UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Patriot Insurance Company a/s/o
Jessica Realty, LLC, and
Harleysville Insurance Company
a/s/o PDS Restauranteurs, Inc.,
d/b/a Portsmouth Gas Light Restaurant,
    Plaintiffs

  v.                                    Case No. 18-cv-062-SM
                                        Opinion No. 2019 DNH 196
Tri State Hood & Duct, LLC, Tri State
Fire Protection, LLC, and 11 Holland,
Inc., d/b/a Clean Choice &
Portsmouth Steam,
    Defendants

## **O R D E R**

Defendants Tri State Hood & Duct, LLC, and Tri State Fire Protection, LLC, (collectively, "Tri State") have moved for leave to file a third party complaint against PDS Restauranteurs, Inc., d/b/a Portsmouth Gas Light Restaurant ("Gas Light"). Plaintiffs, Harleysville Insurance Co., as subrogee of Gas Light, and Patriot Insurance Company, as subrogee of Jessica Realty, LLC, object. Tri State's motion for leave to file is necessarily denied.

### **BACKGROUND**

The current action arises out of a fire that occurred on December 9, 2015, at 64 Market Street, in Portsmouth. Jessica Realty, LLC, is the owner of the property, and leases it to Gas

Light.  Gas Light operates two restaurants, a nightclub, and an outdoor patio, at the property.  At all relevant times, Tri State Hood and Portsmouth Steam provided inspection, maintenance and cleaning work and services to Gas Light with respect to its commercial kitchen hood and ductwork.  Tri State Fire, for its part, provided inspection, testing, repair and maintenance work and services for Gas Light's commercial fire suppression system.  The December, 2015, fire began in Gas Light's kitchen hood and duct system.  The fire caused extensive damage to the property, including damage to equipment and inventory, as well as a significant loss of business income.

Jessica Realty notified and submitted a claim to its insurer, plaintiff Patriot Insurance Company.  Gas Light, for its part, duly made a claim to its insurer, Harleysville.  Patriot and Harleysville paid the claims and, as subrogees of the insured parties, filed suit against Tri State and Portsmouth Steam, alleging, <u>inter</u> <u>alia</u>, that defendants' negligence in cleaning, servicing and maintaining the kitchen hoods, ducts, and fire suppression systems had proximately caused or substantially contributed to the fire.

Tri State now moves for leave to file a third party complaint against Gas Light.  Tri State has not attached a proposed third-party complaint to its motion for leave, as is customary.  However, in its motion for leave, Tri State states

2

that "supplemental discovery responses . . . indicate[] that the negligence of Gas Light Restaurant and/or its employees caused or contributed to the subject fire."  Mot. for Leave at ¶ 3.  Presumably, Tri State seeks to assert a claim for contribution against Gas Light with respect to Patriot's claim (Jessica Realty).

## DISCUSSION

Pursuant to Federal Rule of Civil Procedure 14(a)(1), a "defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it."  The rule allows defendants to bring a third party into the suit without leave of court, provided defendants file within 14 days of submitting their answer to the plaintiff's complaint.  Otherwise, the defendant must seek leave of the court.  "In that event, the determination is left to the informed discretion of the district court, which should allow impleader on any colorable claim of derivative liability that will not unduly delay or otherwise prejudice the ongoing proceedings."  Lehman v. Revolution Portfolio LLC, 166 F.3d 389, 393 (1st Cir. 1999) (internal citations omitted).  However, "[c]ourts may deny a defendant's request for leave 'when bringing in a third party will introduce unrelated issues and unduly complicate the original suit,' or 'if the [third party] claim is futile.'"  Signs for Jesus v.

3

Town of Pembroke, No. 15-CV-482-PB, 2016 WL 4083723, at *2 (D.N.H. Aug. 1, 2016) (quoting S. Shore Hellenic Church, Inc. v. Artech Church Interiors, Inc., No. 12-11663-GAO, 2015 WL 846533, at *18 (D. Mass. Feb. 26, 2015)) (alterations in original).

Under New Hampshire law, "a right of contribution exists between or among 2 or more persons who are jointly and severally liable upon the same indivisible claim, or otherwise liable for the same injury, death, or harm." N.H. Rev. Stat. Ann. ("RSA") 507:7-f. The statute further provides: "Except as provided in RSA 507:7-g I, and IV, the right of contribution may be enforced only by a separate action brought for that purpose." Id. Pursuant to N.H. Rev. Stat. Ann. § 507:7-g, that separate action arises following judgment rendered against a defendant in the principal action, and "must be commenced [in a separate action] within one year after the judgment becomes final." N.H. Rev. Stat. Ann. § 507:7-g(III).

However, if judgment has not been recovered in the principal action, one of two conditions must be fulfilled before a contribution cause of action arises:

> If no judgment has been rendered, the person bringing the action for contribution must have either (a) discharged by payment the common liability within the period of the statute of limitations applicable to the claimant's right of action against that person and commenced the action for contribution within one year after payment, or (b) agreed while the action was

4

> pending to discharge the common liability and, within one year after the agreement, have paid liability and commenced an action for contribution.

N.H. Rev. Stat. Ann. § 507:7-g(III). "In each circumstance described, the defendant must bring the contribution cause of action in a separate suit, the principal suit having been either settled or never commenced by the potential plaintiff." Connors v. Suburban Propane Co., 916 F. Supp. at 76.

"The single exception to the 'separate action' rule of section 507:7-f(I) applicable here is found in section 507:7-g(IV)." Id. That section provides:

> [I]f and only if the plaintiff in the principal action agrees, a defendant seeking contribution may bring an action in contribution prior to the resolution of the plaintiff's principal action, and such action shall be consolidated for all purposes with the principal action.

N.H. Rev. Stat. Ann. § 507:7-g(IV)(c) (emphasis added). Thus, "New Hampshire law prescribes four ways in which a defendant may bring a contribution cause of action against a third-party, but restricts a defendant's ability to bring a contribution suit prior to resolution of the plaintiff's principal case to those circumstances in which the plaintiff in the principal action consents." Connors, 916 F. Supp. at 77.

Accordingly, assuming that Tri State can allege the elements of a viable contribution claim under New Hampshire

5

statutory law, this action is not the proper vehicle in which to pursue that claim. The court has previously discussed this issue in detail, see Connors, 916 F. Supp. 73 (D.N.H. 1996), and that analysis need not be repeated. Suffice it to say, the court concluded in Connors:

> Because its use to implead third-party contribution defendants would violate the Rules Enabling Act (by limiting plaintiffs' and enlarging defendant's substantive rights under applicable state law), Fed. R. Civ. P. 14 cannot be invoked, without plaintiffs' consent, to bring a contribution action premised on N.H. Rev. Stat. Ann. § 507:7-f & g against a third-party defendant in this diversity action.

Id. at 81. But cf., Gilbert v. CPM Constructors, 96-cv-481-PB (D.N.H. 1998) (slip op. at 2-3) (holding that "the right to engage in third-party practice under Rule 14(a) affects only the process of enforcing litigant's rights rather than the rights themselves"). Plaintiffs in this action both oppose Tri State's efforts to pursue a statutory contribution claim against PDS.

Harleysville makes the argument that Tri State's motion to amend is also futile because, under New Hampshire law, no contribution claim exists against a claimant at fault, like Gas Light. See NH RSA § 507:7-f. It is doubtful, however, that such a proposition would apply to a later-filed separate contribution action brought by defendants against PDS to recover damages attributable to PDS's own negligence recovered by

Jessica Realty.  But, that remains an issue for another day and a different case.

## CONCLUSION

For the foregoing reasons, Tri State's motion for leave to file a third party complaint (document no. 54) is **DENIED**.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

November 20, 2019

cc: All counsel of record

7